(No. 3693— 

JOE FRAZEE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 14, 1943.*

ERNEST J. GALBRAITH AND CARROLL BAYMILLER, for claimant.

GEORGE F. BARRETT, Attorney General; ROBERT V. OSTROM, Assistant Attorney General, for respondent.

CHIEF JUSTICE DAMRON delivered the opinion of the court.

On June 24, 1941, Joe Frazee, claimant, was employed as a common laborer by the Department of Public Works and Buildings, Division of Highways, to assist in unloading material from railroad cars to motor trucks in the Peoria & Pekin Railroad freight yards in East Peoria, Illinois, at 87½ cents per hour for an eight hour day.

On June 30, 1941, a moving tractor used for switching purposes by the respondent threw the claimant to the roadbed at his place of employment and injured him. Claimant was immediately placed under the care of a physician, hospitalized and treated for his injuries until August 22, 1941, on which day he was discharged by the physician with the advice that he be given light work.

Claimant was paid compensation for total temporary disability during this period amounting to the sum of $112.20. Respondent also paid the physician, Dr. Major,

$31.00 and the John C. Proctor Hospital $60.60. Since his discharge on August 22, 1941, the claimant has received nothing from the respondent. Claimant seeks an award for $150.00 which he alleges he expended for additional medical services; $11.13 for underpayment on his temporary compensation; $162.80 for additional temporary total disability from August 22, 1941, to November 1, 1941; and $1,960.00 for permanent partial disability.

A careful consideration of the evidence offered on behalf of claimant, together with the report of the Division of Highways filed on behalf of respondent, shows that claimant was sixty-two years of age and had one child under the age of sixteen years dependent upon him for support at the time of the accident.

The medical testimony shows that claimant suffered injuries consisting of a contused and lacerated wound on the right hip and fracture of the 9th and 10th ribs on his right side. That when discharged on August 22, 1941, he had spasticity of the lumbar-sacro muscles on the right side and 30% limitation flexion of the lumbar-sacro spine; that he was unable to sit for any length of time without extreme pain and discomfort and was unable to flex his back without pain; that he suffered from a partial incontinence or loss of control of his bowels, which conditions still exist. The injuries above described are permanent.

The evidence further discloses that on the date of the injury and prior thereto claimant was capable of and was earning an average of $26.92 per week. That due to the injuries sustained by him as aforesaid he now is able to earn only $20.00 per week.

Upon consideration of the record the court finds:

1. That claimant and respondent were on the 30th

day of June, 1941, operating under the provisions of the Workmen's Compensation Act.

2. That on said date the claimant sustained accidental injuries which arose out of and in the course of his employment.

3. That notice of the accident was given to said respondent and claim for compensation made within the required time by the provisions of said Act.

4. That claimant was in the employ of respondent for less than one year; that the annual earnings of persons of the same class and in the same employment and in the same location during the year preceding the accident were $1,400.00; and the average weekly wage was $26.92.

5. That claimant at the time of the accident was sixty-two years of age and had one child under the age of sixteen years dependent upon him for support.

6. That necessary first aid, medical, surgical and hospital services were provided by the respondent.

7. That claimant was temporarily totally disabled from the date of his injury as aforesaid, to August 22, 1941, but has not been paid in full for such temporary total disability.

8. That the injuries sustained by claimant have resulted in permanent partial disability.

9. That claimant was entitled to have and receive from the respondent the sum of $120.93 for total temporary compensation for a period of 7 3/7 weeks to August 22, 1941, but was only paid $112.20 by respondent, which leaves a balance of $8.73 due and unpaid to claimant.

10. That claimant is entitled to have and receive from respondent by virtue of Subsections (d), (j)1 and (k)1 of Section 8 of the Workmen's Compensation Act

the sum of $4.18 per week for a period of 408 4/7 weeks for permanent partial disability commencing on August 22, 1941, and amounting to the sum of $1,707.80. That of that amount $449.62 has accrued and is payable in a lump sum. Claimant is also awarded the further sum of $8.73 representing balance due him for temporary total compensation which was miscalculated by the respondent.

An award is therefore entered in favor of claimant and against the respondent in the sum of $1,716.53, payable as follows: The sum of $458.35 forthwith, and the further sum of $1,258.17 for 301 weeks in installments of $4.18 commencing on September 14, 1943.